# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LYNN CLAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21 CV 877 MTS |
| ) | |
| CORIZON HEALTH LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Christopher Lynn Clay brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. Doc. [2]. Plaintiff was an incarcerated state prisoner when he filed the complaint in this matter on July 19, 2021. Doc. [1] at 2. However, on September 16, 2021, the Court received a change of address notice from Plaintiff indicating that he had been released from prison. Doc. [7]. Because Plaintiff was released from confinement shortly after filing the instant action, the Court will grant his request to proceed *in forma pauperis* and will not assess an initial partial filing fee at this time. *See* 28 U.S.C. § 1915(a)(1). Furthermore, after reviewing the complaint, the Court will dismiss this matter for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### *In Forma Pauperis* Status and Payment of Filing Fee

Under 28 U.S.C. § 1915(b)(1), when a prisoner brings a civil action *in forma pauperis*, the prisoner must pay the full amount of the filing fee, usually in the form of an initial partial payment and then installment payments over time. However, a non-prisoner plaintiff can litigate without

payment of any fees if he qualifies under the general *in forma pauperis* provision of 28 U.S.C. § 1915(a)(1).

"Federal circuit authority is split on the question of whether the PLRA [Prison Litigation Reform Act] prison litigation provisions of § 1915 continue to govern if and after the prisoner is released *pendente lite* (that is, during the litigation).  The Fifth, Seventh and District of Columbia Circuits have held that the full payment requirement is triggered upon the filing of the (as applicable) complaint or notice of appeal. … The Second, Fourth, Sixth and Tenth Circuits have concluded to the contrary, that the requirements of the PLRA do not continue to apply after the plaintiff is released."  *Putzer v. Attal*, 2013 WL 4519351, at *1 (D. Nev. Aug. 23, 2013) (internal citations omitted).

The Eighth Circuit has not ruled on this issue.  However, in this case, Plaintiff was released shortly after filing this case and before the Court had ruled his motion for *in forma pauperis* status and ordered an initial partial payment.  Therefore, the Court will consider Plaintiff as he currently stands at the time of the review of his motion – as a non-prisoner plaintiff under 28 U.S.C. § 1915(a)(1).  Based on the financial information submitted, the Court finds that Plaintiff does not have sufficient funds to pay the filing fee and will grant his motion.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district

court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Self-represented Plaintiff brings this suit under 42 U.S.C. § 1983 against defendant Corizon Health LLC, the contracted medical care provider for Missouri Department of Corrections ("MDOC") prisoners Doc. [1] at 1-2. Plaintiff's complaint concerns the allegedly inadequate medical care and treatment he received while incarcerated. *Id.* at 4. At the time of complaint filing, Plaintiff was incarcerated at Missouri Eastern Correctional Center ("MECC") in Pacific, Missouri.[1] *Id.* at 2. However, the allegations of his complaint seem to include allegations of

---

[1] The Court notes that although the complaint states that Plaintiff is incarcerated at MECC, the envelope used to mail the complaint to the Court includes a return address at Algoa Correctional Center in Jefferson City Docs. [1] at 2, [1-4] at 1.

- 3 -

inadequate care by Corizon employees while he was incarcerated at both MECC and Fulton Reception and Diagnostic Center ("FRDC"). *Id.* at 4-5.

Plaintiff has Hepatitis C.  He alleges that "Corizon was given funding to administer the hep C cure" but Corizon "failed to cure [his] hep C and could have done so." *Id.* at 4.  Plaintiff asserts that he suffered damage to his liver between 2017 and 2021 because Corizon did not treat him with the Hepatitis C "cure."  Plaintiff asserts that if Corizon had the spent the funding on Hepatitis C medications as it should have, then he would not have sustained liver damage.  *Id.*  On his civil cover sheet submitted with his complaint, Plaintiff describes this matter as one of "medical negligence" and "wrongful spending of funds."  Doc. [1-1].

In a grievance filed at MECC in January 2021 and attached as an exhibit to the complaint,[2] Plaintiff asks for "quicker treatment" and alleges that he would not have sustained liver damage if Corizon had "not messed up the funding."  Doc. [1-3] at 1.  The MECC response he received, which was signed by both a nurse health services administrator and a doctor, states in part:

> You allege that you have been denied treatment for Hepatitis C.
>
> Subsequent to review and investigation, the results are as follows: On December 11th of 2020, you had a Chronic Care Hepatitis appointment with the medical provider.  At that time, your current laboratory results, fibrosure score, [and] apri score were discussed with [you] and a copy given to you.  A receipt of these results was obtained.  Also during this appointment, you denied any complaints or symptoms related to Hepatitis C infection.  As funding becomes available, all priority one, two and three patients will receive pharmacologic treatment.

*Id.* at 2.

In his February 2021 appeal of this grievance denial, Plaintiff states that he was diagnosed with Hepatitis C "over three years ago" and that "the state took funding for the hep C treatment[]

---

[2] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

- 4 -

and failed to administer said treatment to [him] for multiple years." *Id.* at 3. Plaintiff argues that whether his liver has sustained "small or large [damage] is not the issue." The point is that he did suffer liver damage and that he would not have that damage "had Corizon administered the cure or treatment, when they were supposed to." *Id.* The Associate Regional Medical Director responded to Plaintiff's grievance appeal by detailing his medical records and finding that Plaintiff has received appropriate ongoing care and treatment for his Hepatitis C. *Id.* at 4. As of Plaintiff's last Hepatitis C chronic care clinic evaluation, his test results "did not show a medical priority for [him] to receive [Hepatitis C] treatment." *Id.*

As for injuries, Plaintiff states that he is "yet to get any treatment" and as such, he has liver damage, pains in his stomach and side, infrequent urination (once to twice a day), and that he gets sick more easily than an average person his age. Doc. [1] at 4. For relief, Plaintiff seeks $250,000 in damages for the liver damage he has suffered. *Id.* at 5.

### Supplemental to the Complaint (Doc. [5])

On August 2, 2021, Plaintiff filed supplemental grievance records with the Court. Doc. [5]. In his letter with the records, Plaintiff explains that his arguments about the inappropriate use of Hepatitis C funding are "proven correct because of the Patawski case regarding Hep C treatment, Corizon, and the department of corrections." *Id.* at 1.

In this supplemental filing, Plaintiff provided his January 6, 2021 Informal Resolution Request ("IRR"), which he explains is the "first step in the grievance procedure." *Id.* at 1-2. In this IRR, Plaintiff complains about not receiving Hepatitis C treatment given the "lawsuit[] against Corizon for lack of hep C treatment." *Id.* at 2. Plaintiff asks for Hepatitis C treatment and financial compensation for the damage to his liver. *Id.* In the response to the IRR, the MECC Director of Nursing explained:

> Currently, in agreement with the HEP C lawsuit, we are currently treating priority 1's. Also per the lawsuit, the next fiscal year, more funding will be allocated HEP

> C treatment and we will be able to reach priority 2's and 3's. You are being followed in the HEP C Chronic Care and at this time you are a priority 3.

*Id.* at 3.

## Discussion

Based on a careful reading and liberal construction of the allegations of Plaintiff's complaint, this matter will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted. Plaintiff is no longer incarcerated with the MDOC. To the extent his pleadings can be interpreted as a request for immediate treatment of his Hepatitis C, that request is moot. However, Plaintiff also seeks money damages for the liver damage that he alleges that he suffered as a result of not receiving Hepatitis C treatment while incarcerated.

**I.     Deliberate Indifference Standard**

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). To survive initial review, a plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference to a prisoner's serious medical needs. *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

It is well established that a private corporation, like Corizon, will only be held liable under § 1983 for its own unconstitutional policies – and will not be liable under the doctrine of *respondeat superior* for the actions of its employee. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). To state a claim against Corizon, a plaintiff must allege that a policy or custom of Corizon inflicted injury actionable under § 1983. *Id. (citing Monell v. Dep't of Soc.*

*Servs.,* 436 U.S. 658, 690 (1978)); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent ... official policy that inflicts injury actionable under § 1983") (internal quotations and citations omitted).

"Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the ... official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016) (citation omitted). For a policy that is constitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face ... a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

> In order to establish an unconstitutional custom, a plaintiff must demonstrate:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the ... entity's employees;
> 2) Deliberate indifference to or tacit authorization of such conduct by the ... entity's policymaking officials after notice to the officials of that misconduct; and
> 3) That plaintiff was injured by acts pursuant to the ... entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cnty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013) (citations omitted).

## II.     Prior Lawsuit Involving Corizon and Treatment of Hepatitis C

Although Plaintiff references the "Patawski case," the Court presumes that his arguments concerning the "lawsuit[] against Corizon for lack of hep C treatment" are actually in regards to *Postawko v. Missouri Department of Corrections*, No. 2:16-CV-04219-NKL, 2017 WL 3185155 (W.D. Mo. July 26, 2017). In that matter, the Western District Court of Missouri certified a class

of MDOC inmates with chronic Hepatitis C, who were not receiving direct-acting antiviral drugs ("DAA drugs"),³ to proceed in a § 1983 lawsuit for inadequate medical care against multiple defendants, including Corizon LLC. *Id.* at *1. The Eighth Circuit affirmed the class certification on appeal. *Postawko v. Mo. Dep't of Corr.*, 910 F.3d 1030 (8th Cir. 2018), *rehearing and rehearing en banc denied* (Jan. 11, 2019). On October 28, 2020, the Western District Court approved a private settlement agreement in that class action matter. *Postawko v. Missouri Department of Corrections*, No. 2:16-CV-04219-NKL, ECF No. 571 (W.D. Mo.).

### III.  Plaintiff's Allegations Fail to State a Claim Against Corizon

Plaintiff describes his complaint as one for "medical negligence" and "wrongful spending of funds." Doc. [1-1]. However, as discussed above, allegations of mere negligence in giving or failing to supply medical treatment are not enough to state an Eighth Amendment deliberate indifference claim. *See Estelle*, 429 U.S. at 106.

Liberally construing the allegations of Plaintiff's self-represented complaint, the Court could construe Plaintiff's "wrongful spending" claim to be arguing that the policies adopted by Corizon for treatment of Hepatitis C patients by priority level, following the October 2020 consent agreement reached in *Postawko*, are unconstitutional. In this case, according to the documents submitted by Plaintiff, he was determined to be a priority 3 level Hepatitis C patient based on medical tests. As a result, he had to wait for priority 1 and 2 patients to be treated with DAA drugs first. As a result, in the time between the October 2020 final approval of the consent agreement in *Postawko* and Plaintiff's September 2021 release from incarceration, he never received DAA drugs from Corizon for his Hepatitis C.

Plaintiff has not demonstrated a deliberate disregard stemming from a Corizon policy or custom. Plaintiff has not demonstrated that Corizon's policy of treating Hepatitis C patients by

---

³ The Court believes that Plaintiff is referring to these DAA drugs when he discusses a "cure" for Hepatitis C.

priority level, instead of treating all Hepatitis C patients with DAA drugs, has inflicted an injury actionable under 42 U.S.C. § 1983. To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019).

Although Hepatitis C infection is a serious medical need, Plaintiff has not shown that his need has been deliberately disregarded by Corizon. The main thrust of Plaintiff's complaint is that he should have been treated with DAA drugs. In essence, he is stating that Corizon's failure to prescribe these drugs amounts to an absolute denial of treatment. To the contrary, Plaintiff's own exhibits belie his contention that he is being denied treatment. Plaintiff has been consistently monitored by onsite health professionals at a chronic care clinic. Based on testing done on Plaintiff, he was determined to be a priority 3 offender. It was because of this determination that Plaintiff was a low medical priority and he was not receiving DAA drugs. Plaintiff was advised that treatment was based on priority, with the needs of priority 1 and 2 offenders coming first. He was also advised that he would continue to be monitored and tested. There is no evidence – and Plaintiff does not argue – that Corizon's prioritization of Plaintiff was medically inappropriate. Instead, Plaintiff's complaint highlights a disagreement in the way he should be treated. However, a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007) (citation omitted).

Plaintiff's complaint fails to state a claim of deliberately indifferent medical care against Corizon for its failure to treat all Hepatitis C patients with DAA drugs regardless of priority level. *See Fleeman v. Corizon*, No. 2:19-CV-75 SNLJ, 2020 WL 3288395 (E.D. Mo. June 18, 2020) (dismissal of claims against all defendants, including Corizon, for failure to state a claim where

prisoner plaintiff alleged that his Hepatitis C should have been treated with DAA drugs regardless of his medical priority level), *aff'd*, No. 20-2455, 2020 WL 8161671 (8th Cir. 2020).  Plaintiff's claims against Corizon will be dismissed.  As such, Plaintiff's motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* Doc. [2] is **GRANTED** and the filing fee is waived**.**

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant Corizon Health LLC because the complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against defendant Corizon Health LLC are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel Doc. [4] is **DENIED as moot.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of October, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE